IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-184-FL

| | | |
|---|---|---|
| GLORIA PITTMAN, individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| BARNHILL CONTRACTING COMPANY, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of jurisdiction and for judgment on the pleadings (DE 18), to which plaintiff responded in opposition and defendant replied. Also before the court is plaintiff's motion to dismiss (DE 39), to which defendant filed a response. The court noticed hearing on the motions, which was held on November 17, 2016, before Magistrate Judge Kimberly A. Swank. Upon review of the motions and the record of the hearing, the court orders as follows.

**STATEMENT OF THE CASE**

Plaintiff commenced this putative class action and collective action on November 19, 2015, asserting claims for race discrimination and statutory fair labor violations, individually and "on behalf of all other similarly situated persons," under Title VII, 42 U.S.C. § 2000e et seq; the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201; and the North Carolina Wage and Hour Act

(NCWHA), N.C. Gen. Stat. § 95-25.1 et seq. Plaintiff filed a notice of filing of consents to join collective action on May 27, 2016.

That same date, defendant answered and filed the instant motion to dismiss, asserting that plaintiff's complaint must be dismissed for lack of standing and failure to state a claim upon which relief can be granted. On the standing issue, defendant urges the court to consider a declaration of S. James Hughes, Jr., Vice President – Human Resources and Safety, providing details as to plaintiff's current employment status. (DE 17). Plaintiff filed a competing declaration (DE 33-1), in opposition to defendant's motion to dismiss.

The court stayed case scheduling activities pending resolution of defendant's instant motion to dismiss. On September 22, 2016, before defendant's motion had fully ripened, plaintiff filed *pro se* the instant motion to dismiss, stating, inter alia, "I do not want to go any further in this case." (DE 39). Defendant responded to plaintiff's motion, urging the court to dismiss the case with prejudice. Thereupon, the court entered a text order stating that "[w]here the court has been given cause to consider dismissal of the action upon request of plaintiff (DE 39), her attorney shall file his response to and acknowledgment of her request within 10 days hereof. A copy of this text order also shall be served upon plaintiff individually." On October 31, 2016, receiving no response from counsel within the time specified, the court noticed hearing in this matter.

On November 10, 2016, plaintiff's counsel filed a response to the court's text order. On November 17, 2016, the court entered a text order renoticing the motions hearing before magistrate judge and referring the instant motions to her for memorandum and recommendation. Hearing was held at which time plaintiff confirmed that her Title VII and NCWHA claims should be dismissed on the basis of her motion to dismiss. Plaintiff, however, requested additional time to assess issues

2

Case 4:15-cv-00184-FL   Document 46   Filed 11/18/16   Page 2 of 5

relating to substitution of plaintiff by another with respect to plaintiff's FLSA claim. The court took the matter under advisement.

## STATEMENT OF ALLEGED FACTS

The factual allegations in the complaint are minimal and the complaint comprises mostly generalized assertions of race discrimination involving unnamed black employees at defendant corporation. According to the complaint, plaintiff is a resident of Rocky Mount, North Carolina, and an employee of defendant. Defendant is a corporation engaged in construction projects in North Carolina, with offices and principal place of business in Rocky Mount. The complaint suggests that plaintiff is black and was employed by defendant starting sometime between 1988 and 1999.

The complaint asserts no more specific facts pertaining to plaintiff. The complaint purports to assert the existence of a class of persons comprising more than 500 employees of defendant, and the complaint asserts that defendant discriminated against such 500 employees on the basis of race and subjected them to unfair labor practices.

## COURT'S DISCUSSION

Because plaintiff has confirmed her intention to voluntarily dismiss certain claims asserted, the court addresses plaintiff's motion in the first instance. Pursuant to Federal Rule of Civil Procedure 41, after a defendant has served an answer, a plaintiff may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "To fulfill this purpose, Rule 41(a)(2) . . . permits the district court to impose conditions on voluntary

3

dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." Id.

"It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation." Id. at 1274-75. In addition, "[s]ince Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of . . . a [dispositive motion] could not, without more, be a basis for refusing to dismiss without prejudice." Andes v. Versant Corp., 788 F.2d 1033, 1037 n. 4 (4th Cir. 1986). Nevertheless, the court may consider factors such as whether defendants have "incurr[ed] substantial costs of discovery" in determining whether dismissal is proper, or if conditions on dismissal are warranted. Id. at 1036; see Davis, 819 F.2d at 1276. The court must also "prevent[] plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action." GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007).

At hearing, plaintiff plainly expressed her intention voluntarily to dismiss the action as to her Title VII and NCWHA claims, on the recognition that any motion to substitute parties in plaintiff's stead on such claims would be futile because of statute of limitations issues. Plaintiff requested, however, a stay of decision on dismissal of the FLSA claim up to November 28, 2016, to allow plaintiff to assess whether to move for leave to amend or substitute as plaintiff any individual who has filed consents to join the FLSA collective action. Defendant acknowledged at hearing that plaintiff's filing of consents to join the FLSA collective action preserved the right of those individuals to join the FLSA collective action, upon appropriate motion, within the scope of such consents.

4

The court finds good cause to grant plaintiff's motion for voluntary dismissal of plaintiff's Title VII and HCWHA claims, without prejudice. Based upon the parties' representations at hearing, the court holds in abeyance the remaining part of plaintiff's motion to dismiss. In the event plaintiff makes no motion for leave to amend or substitute on or before November 28, 2016, plaintiff's remaining FLSA claim shall be dismissed without prejudice, without further order of the court, on the basis of plaintiff's motion for voluntary dismissal. In light of the disposition of plaintiff's motion to dismiss, the court denies without prejudice defendant's motion to dismiss, allowing defendant to renew the motion upon any filing made by plaintiff due November 28, 2016.

**CONCLUSION**

Based on the foregoing, plaintiff's motion to dismiss (DE 39) is GRANTED IN PART. Plaintiff's Title VII and HCWHA claims are DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(a)(2). The court HOLDS IN ABEYANCE the remaining part of plaintiff's motion to dismiss pertaining to her FLSA claim. Plaintiff is DIRECTED to file any motion for leave to amend or to substitute, pertaining to her FLSA claim, on or before **November 28, 2016.** The court DENIES WITHOUT PREJUDICE defendant's motion to dismiss (DE 18), allowing defendant to renew the motion upon any filing made by plaintiff on or before November 28, 2016. In the event no filing is made by plaintiff on or before November 28, 2016, the clerk is DIRECTED to close this case with entry of judgment of dismissal, without prejudice, on the basis of plaintiff's motion for voluntary dismissal, under Federal Rule of Civil Procedure 41(a)(2).

SO ORDERED, this the 18th day of November, 2016.

LOUISE W. FLANAGAN
United States District Judge

5
Case 4:15-cv-00184-FL   Document 46   Filed 11/18/16   Page 5 of 5